Complainants as vendors seek decree against vendees for specific performance of a contract of sale of real estate in this state. As appeared at the hearing (and by the amendments to the pleadings thereupon directed to be made) the defendants have declined to take title and consummate the contract because of their belief that complainant's title is unmarketable. The question as to the marketability of the title is the only issue in the case.
Harry L. Cornell died seized of the lands in question on September 8th, 1906. His administrators, on October 22d 1907, instituted statutory proceedings in the Mercer county orphans court for the sale of decedent's lands to pay his debts. On December 27th, 1907, that court entered an order adjudging that the personal estate was insufficient to pay the debts *Page 319 
and directing the administrators to sell sufficient of decedent's real estate, at public or private sale, to pay the debts. In accordance with that order, the administrators sold the tract of land in question, at private sale to Robert Brophy for approximately $11,000; the sale was confirmed by order of the orphans court December 17th, 1909, and the administrators directed to make conveyance in accordance therewith; and the administrators made the conveyance accordingly on March 22d 1910, by deed duly recorded on the same day.
The grantee Brophy entered into possession at that time and the title subsequently passed to complainants, — whose title and right to convey are not disputed except in the particular hereinafter mentioned.
Defendants contend that Harry L. Cornell aforesaid left him surviving as one of his heirs-at-law, Charles H. Cornell; that the latter was an infant at the death of Harry L. Cornell; and that because of the fact that the order for the sale of lands and the order confirming the sale were made more than one year after the death of the said Harry L. Cornell, those orders were invalid, as to the estate of the said infant, and that hence the title of complainants is defective and unmarketable.
This contention is based upon the provisions of section 81 of the Orphans Court act, in force at that time, — P.L. 1898, p.743; 3 Comp. Stat. p. 3838, — declaring that the lands of a decedent shall be and remain liable for the payment of his debts for one year after his decease, and that the same may be sold by virtue of an order of the orphans court "if obtained within the said period of time" notwithstanding any alienation attempted to be made in the meantime by heir or devisee.
If this were the only statutory provision, the objection of defendants might well be deemed meritorious. The objection however is clearly without weight, when consideration is had of the provisions of sections 93 and 94 of the statute, — P.L.1898, p. 749; 3 Comp. Stat. p. 3845, — also in force at that time. Section 93 provides that in the case of any such sale of lands as heretofore mentioned, the order confirming the sale "shall be conclusive evidence in all courts and for all purposes, *Page 320 
of the validity of the proceedings for sale, and of the fulfillment of all statutory requirements;" and that the purchaser "after delivery of the deed to him shall hold the lands so purchased * * * notwithstanding any defects in the proceedings for sale."
Section 94 provides that the deed or conveyance made by the administrator under such orders of the orphans court shall vest in the purchaser all the estate that the testator or intestate was seized of at the time of his or her death, if the order to show cause be obtained within one year after, and "if the said order be not obtained within that time, then the said conveyance shall vest in the purchaser or purchasers all the estate that the heirs or devisees of the testator or intestate were seized of at the time of the making of the said order of the orphans court."
Under these provisions, it is clear that by the deed from Cornell's administrators to Brophy, the latter became vested of all of the estate of which Cornell's heirs were seized at the time of the making of the order of the orphans court. At that time those heirs were seized of the entire estate in fee-simple of which Cornell had died seized, because it is admitted by the stipulation filed herein in lieu of proofs on the point, that there was no conveyance, — either of record or of which any of the parties to this suit have any knowledge or notice, — subsequent to Cornell's death, by which any interest of any of Cornell's heirs in the lands in question was conveyed or purported to be conveyed, — other than the deed already mentioned from the administrators to Brophy.
The effect of these statutory provisions was considered and set forth by the court of errors and appeals in Haston v. Castner,31 N.J. Eq. 697 at pp. 699 and 700.
It is concluded that defendants have failed to show any defect in, or cloud upon, the title of complainants; and that the latter is not unmarketable; and that complainants are entitled to decree prayed for.
It should perhaps be noted that within recent years amendments have been made to the statutory provisions hereinbefore mentioned. *Page 321